UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EILEEN DULCEAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-CV-1302-N (BT) |
| | § | |
| NANCY A. BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This Social Security Appeal has been automatically referred to the United States magistrate judge for pretrial management pursuant to Special Order No. 3-251. Before the Court is Plaintiff Eileen Dulceak's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3]. For the reasons discussed herein, Plaintiff's Application should be **DENIED**.

## DISCUSSION

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs includes the income and asset information for both Plaintiff and her spouse. *See* Application 1-3. In making the *in forma pauperis* determination, the Court can "consider the total monetary resources available to assist Plaintiff, and 'it is appropriate to consider a spouse's income.'" *Bruton v. Colvin*, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4, 2014) (quoting *Muhammad v. La. Attorney Disciplinary Bd.*, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009)).  A review of

1

the financial information from Plaintiff's Application shows that Plaintiff's

spouse receives a monthly income of $8,700 from his employment at CSC. *See*

Application 2. Plaintiff also lists as household assets a home valued at $355,000

and two vehicles valued at $4,000 and $3,000. *See* Application 3. Plaintiff lists

her monthly household expenses as $6,900. *See* Application 5. Plaintiff also lists

her 19-year-old daughter and 2-year-old grandson as dependents. *See*

Application 3. Plaintiff further indicates that she relies on her spouse for support.

*See* Application 3.

The applicable poverty guidelines for a family of four is $25,100. *See*

https://aspe.hhs.gov/poverty-guidelines. At a gross monthly income of $8,700,

Plaintiff's annual household income totals $104,400, far above the poverty level

for a family of four. In addition, Plaintiff indicates that her family's monthly

expenses total $6,900, which is $1,800 below her household's gross monthly

income. *See* Application 5. The information in Plaintiff's Application thus shows

that Plaintiff's household has sufficient funds to pay the filing fee. Therefore,

Plaintiff's request to proceed *in forma pauperis* should be denied. *See Montiel v.*

*Wyndham Anatole Hotel*, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)

("Plaintiff is presently employed, earning $1,120 per month. . . . Plaintiff's spouse

is also employed, earning $2,240 per month. [] In addition to the above income,

Plaintiff and her spouse have $700 in their checking account. [] The combined

income of Plaintiff and her husband constitutes sufficient funds to pay their

family's average monthly expenses as well as the $150.00 filing fee in this case.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* should be denied.").

## **<u>RECOMMENDATION</u>**

For the reasons discussed herein, Plaintiff's Application to Proceed in

District Court Without Prepaying Fees or Costs [ECF No. 3] should be **DENIED**.

The Court also recommends that the District Court inform Plaintiff that her

Complaint will be subject to dismissal without further notice under Rule 41(b),

unless Plaintiff pays to the Clerk of Court the applicable filing and administrative

fees totaling $400 within seven days of the District Court's Order.

**SO RECOMMENDED**.

May 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).